### JOHANN HOFF v. TARRANT & CO.

#### (Circuit Court, S. D. New York. January 4, 1896.)

TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT—UNFAIR COMPETITION.

Complainant acquired the right to manufacture and sell in this country "Johann Hoff's Malt Extract," under labels and trade-marks long used in Germany. This compound had been known for many years in this country both as "Johann Hoff's Malt Extract" and as "Hoff's Malt Extract," and was dealt in under the latter name quite as much as under the former. Afterwards defendant acquired the right to import and sell here "Leopold Hoff's Malt Extract," which is made by an alleged different formula at Hamburg. *Held,* that defendant had no right to sell this compound in bottles having a label bearing conspicuously, at the top, the words "Hoff's Malt Extract," although on a different part of the label and on a separate label the fact was stated that it was made by Leopold Hoff in Hamburg; and that defendant should be enjoined from using those words, unless preceded by the word "Leopold," so as to read "Leopold Hoff's Malt Extract."

This was a bill by Johann Hoff against Tarrant & Co. to restrain unfair competition and the use of misleading labels.

Charles G. Coe, for complainant.

Fisher A. Baker, for defendant.

COXE, District Judge. The complainant is a West Virginia corporation engaged in manufacturing at Newark, N. J., and selling throughout the United States, a fluid known as "Johann Hoff's Malt Extract." The complainant was incorporated May 27, 1891. The

defendant is a New York corporation engaged in the wholesale drug business in the city of New York. Among other things it sells a malt extract made at Hamburg in Germany by one Leopold Hoff.

The complainant contends: First, that the defendant has no right to sell Hoff's malt extract at all. Second, if permitted to sell, the court should compel the defendant to sell under a label so distinct in character that the public will not be deceived in purchasing the defendant's extract believing that it is the complainant's.

The defendant insists: First, that it has a right to import and sell malt extract from Hamburg, as it has done for the last 26 years, and that its label and bottle are so distinctive in character that the public cannot possibly be misled. Second. That the complainant does not own the right to make Johann Hoff's malt extract and that its title to the labels, trade-marks, good will, and business secrets, alleged in the bill, is defective. Third. That the complainant is not here with pure hands, having deceived the public by inducing it to believe that complainant's extract is an imported German product and having made various false representations regarding its own and defendant's merchandise.

In 1881 the complainant's predecessor commenced an action in this court against this defendant praying, substantially, for the same relief as in the present suit. The history of the malt extract in controversy and the relation of the parties existing at that time are fully set out in the opinion in that cause and need not be again stated. The bill was dismissed April 7, 1886. Since then the contract of 1869 between Johann B. Hoff, Leopold Hoff and the defendant has expired, having been limited to the term of 20 years. Johann B. Hoff died in 1887. Marcus Hoff died in 1885. Leopold Hoff is the son of Marcus. On the expiration of the 1869 contract in July, 1889, the defendant, who for years had been importing malt extract from Leopold Hoff, of Hamburg, made a new contract with Leopold and about the same time changed its labels in the following particulars: The name "Johann" was omitted, the name "Tarrant's" was substituted for the words "Beer of Health." The line "Principal Manufactories Berlin and Hamburg" was omitted and the line "Manufactured only at Hamburg" put in its place. Changes were also made in the medal line, medals alleged to have been granted to Leopold being substituted for those theretofore used. Later there were printed in large red letters diagonally across the face of the new labels, the words "Made in Germany." On the right of all of the labels used by the defendant is a small supplementary label, the lettering being at right angles with the large label, containing the words "Manufactured by Leopold Hoff, Hamburg." These changes were followed almost immediately by a circular from the complainant presenting a fac-simile of the old and new labels side by side and pointing out the changes which had been made. The circular stated that the object of the suit before alluded to had been practically accomplished, the changes being a victory for the complainant and that further prosecution of the suit was unnecessary.

Shortly afterwards the suit, which had been appealed to the supreme court of the United States, was discontinued. During the former litigation, on the 6th day of January, 1882, Johann B. Hoff, Marcus Hoff and Leopold Hoff entered into an agreement which was first disclosed to the defendant on the trial of this action. By the terms of this agreement the firm of M. Hoff, Hamburg, was permitted to sell "Johann Hoff's Malt Extract" in the following countries: "Hamburg and belongings; Lubeck; Schleswig; Holstein; Denmark and its islands; Sweden; Norway; Great Britain and Ireland; in the British colonies and in the state of Buenos Ayres." The firm of Johann Hoff was given the privilege to sell "in all the other European and American states, countries and cities, as well as in all other parts of the world." The contract also contained the following provision:

"It is reserved for Mr. Leopold Hoff, no matter whether he is the superintendent, partner or owner, of the firm of M. Hoff or not, to continue the business done by him in sending his malt preparations to America under the firm name of Leopold Hoff; it is understood, however, that in the making of his preparations, he must not use any of the essence of Johann Hoff's."

The history of Johann's malt extract is involved in obscurity and doubt. It is not covered by a patent either for the product or the process. Anyone who knows the secret is free to make it. That many members of the Hoff family did know the process is found as a fact in the decision of 1886 and is fully sustained by the proof. By the 1882 contract Leopold is not permitted to use the Johann Hoff essence. How far the defendant is bound by this secret contract to which it was not a party and of the existence of which it was ignorant until 1894, it is, perhaps, unnecessary to determine for the reason that Leopold says, that he does not use the Johann essence from Berlin and there is nothing to contradict his testimony. He was in express terms given the right to continue his business with the defendant, but, irrespective of the 1882 contract, it would seem that he has the right to make a malt extract of his own provided it is not the Johann Hoff extract.

When it is attempted to define with exactness all the rights of the parties and to settle all the questions presented by the briefs the court is confronted by an almost impossible task. But from the mist which envelopes a quarter of a century of wrangling over matters of substance and matters of detail a few prominent facts emerge which enable the court to decide the present controversy upon equitable principles and with justice to all. First. The complainant has the right to sell in the United States "Johann Hoff's Malt Extract—Beer of Health" under the old labels and trademarks used in Germany for many years. The secret of making this extract was imparted to one of the complainant's officers. If there were no question of contract and assignments in the case the fact that the complainant has built up a large business in the United States under a distinctive label entitles it to protection. It has a valuable good will which should be defended from unfair assaults. The court is, however, inclined to think that the transfers in evidence vest in the complainant the right to use the labels, trade-

marks, and good will of Johann Hoff exclusively in this country. Conceding the transfers to be valid the court understands that the defendant does not seriously dispute this right. Its conduct since the expiration of the 1869 contract is a clear recognition of the right. It removed from its label all reference to Johann Hoff and Berlin and substituted for the medals on the Johann Hoff labels new ones said to have been awarded to Leopold. After this it is not easy to see how the defendant can consistently contend that it can sell the Johann Hoff extract or use the Johann Hoff labels. It does not so contend. Second. It is proved beyond question that complainant's extract has been known in the commerce of this country for years as "Hoff's Malt Extract" and has been dealt in under that name quite as much as under the name of "Johann Hoff's Malt Extract." Third. It seems perfectly clear that the defendant under the contract of 1882, and even without that contract, has a right to import from Hamburg and sell here the malt extract made by Leopold Hoff, or anyone else. Whether Leopold has kept faith with the other contracting parties is not an important question in this controversy. But the defendant has no right, by deceptive and misleading labels, to palm off its extract as that of another. The defendant does not assert such right. On the contrary it insists that its extract, being imported, is better than the complainant's and that it sells upon its own merits without any assistance borrowed from the reputation of the complainant's extract. Fourth. The words "Hoff's Malt Extract" conspicuously printed on the defendant's label are liable to deceive ordinary purchasers. The fact that the extract is made in Hamburg by Leopold Hoff is imparted in such manner that it would be likely to escape observation unless an unusually careful examination were made. The public ought to know that the defendant's extract is made by Leopold and not by Johann Hoff. The defendant concedes this by the use of the perpendicular label. How can the defendant object to imparting this information in a manner so plain that no mistake can be made and, when this is done, what further ground of complaint will the complainant have? It is thought that the defendant should be required to print the name "Leopold" before the words "Hoff's Malt Extract" on its large label so that the line will read, in type of the same size, "Leopold Hoff's Malt Extract." The small perpendicular label can be omitted or not as the defendant pleases. When this change is made both parties will be telling the exact truth about their respective merchandise and neither will be able to profit by the reputation of the other. This important change will make further changes unnecessary.

The other accusations against the defendant are either unfounded in fact or relate to distinctions so unsubstantial and acts so trivial that the court could not condemn them without denouncing in equally strong, if not stronger, terms the statements not in exact accordance with the truth which from time to time have appeared on the complainant's labels and bottles. In other words, a finding which would compel all the changes asked for on the bill would by

direct implication require the complainant to halt on the threshold of a court of equity. The complainant cannot call a misleading statement immaterial when made by it and a similar statement material and vital when made by the defendant. It is asserted that one of the medals displayed on the defendant's label states that it was awarded to Leopold Hoff in Paris in 1830 or 1850, either before he was born or when he was but seven years of age and that the medal is a fraud on its face. An examination with a glass reveals the fact that the National Academy of Manufacturers which gave Leopold the medal was "founded at Paris in 1830." The date when the medal was awarded is not given. If there were no other objection to this kind of attack it is too trivial to be considered. Equity cannot be administered through a microscope.

Without discussing the subject further it is thought that the only relief to which complainant is entitled is a decree enjoining the defendant from using the words "Hoff's Malt Extract" on its labels, or advertisements, unless preceded by the name "Leopold."