TARRANT & CO. v. JOHANN HOFF.

(Circuit Court of Appeals, Second Circuit. October 21, 1896.)

1. TRADE MARKS—INFRINGEMENTS—DECEPTION.

Complainant acquired the right to manufacture and sell in the United States "Johann Hoff's Malt Extract" under labels and trade-marks used in Germany for many years, and which entered into commerce under the name "Johann Hoff's" or simply "Hoff's" extract. Defendant became the selling agent for a malt extract manufactured by Leopold Hoff in Germany, using the words "Hoff's Malt Extract" on its labels and advertisements, affixing also a perpendicular side label, "Manufactured by Leopold Hoff." *Held*: (1) That defendant should be enjoined from using the words "Hoff's Malt Extract," unless preceded by the word "Leopold"; (2) that, the perpendicular label being inconspicuous, purchasers might still be deceived. 71 Fed. 163, affirmed.

2. SAME—IMMATERIAL STATEMENTS.

Statements contained in labels, which are not strictly accurate, but are entirely immaterial, are not such false representations as will disentitle a manufacturer using such labels to an injunction against infringements.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal by the defendant from a decree of the circuit court, Southern district of New York, enjoining defendant from using the words "Hoff's Malt Extract" on its labels or advertisements, unless preceded by the name "Leopold." The circuit court refused any further relief to complainant, and directed the decree to be entered without costs. In such disposition of the case complainant acquiesced, and it has taken no appeal. Both parties are corporations. The opinion of the circuit court in the case at bar is reported in 71 Fed. 163, and an opinion of the same court in an earlier action between Johann Hoff (the individual after whom complainant is named, and from whom ·its rights are derived) and this same defendant will be found on file in that court under date of April, 1886.

Fisher A. Baker, for appellant.

Chas. G. Coe, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. In affirming this decree it does not seem necessary to add anything to the discussion of the law and the facts contained in the opinion of the circuit court. The proposition contended for, that a person has a right to use his own name in his business, was fully accepted by that court, and nothing in the decree prevents Leopold Hoff from selling as his own the malt extract which he makes and disposes of in this country through the defendant corporation as his selling agent. Upon the argument in this court, defendant's counsel conceded the correctness of the first proposition set forth in the opinion below, viz. that complainant has the right to sell in the United States "Johann Hoff's Malt Extract" under the old labels and trade-marks used in Germany for many years. And defendant has not in either court contended that it can sell the Johann Hoff extract, or use the Johann Hoff labels. That a malt extract has been known in the commerce of this country for years as "Hoff's Malt Extract," and has been dealt in under that name, is proved by both sides. In view of the elaborate and specific statements contained in the contract of 1869 entered into by defendant, by Johann Hoff (the individual), and by Leopold Hoff, we concur in the conclusion of the circuit court that the extract thus called, which was introduced into this country by Leopold· with the con-currence and pecuniary assistance of his uncle Johann, and sold for 20 years by defendant under this contract of 1869, was recognized·by all parties as "Johann Hoff's Malt Extract," whether made in whole or in part at the original Berlin factory, or at any of the so-called branch houses which existed when the extract began to come to this country, and entered into commerce here under either the name "Johann Hoff's" or simply "Hoff's." Whether the branch houses have ceased to be branches, whether the article now made in any one of them is the same or better or worse than that made in any other, is immaterial. To allow any one of them to advertise and offer for sale under the single name of "Hoff's," without indication· as· to which of the family is the maker,· would make it easy to delude the purchasing consumer into buying one kind when he wants· another. Equally with the judge who heard the cause in the circuit court, we are at a loss to understand how it is that defendant practically concedes this proposition by affixing a perpendicular

side label to its bottles, having printed thereon "Manufactured by Leopold Hoff," and yet objects to imparting this information so plainly that there can be no mistake or confusion. Manifestly, the perpendicular side label is inconspicuous, and would be easily overlooked by the retail purchaser, and without the statement that the extract is "Leopold Hoff's" he might readily be deceived by the representation on the face of the horizontal label that it is "Hoff's," and be induced to purchase it as the "Hoff's" he has always known, when in fact it is not. Courts in such cases do not require proof of any peculiarly iniquitous "perfidious dealing." If the representation as to what or whose the goods are is calculated to deceive the purchaser into buying them as goods of the complainant, equity will enjoin its continuance, although the "deceitful representation" was placed upon them carelessly, or from lack of appreciation of the meaning it would convey to the purchaser, or from an honest mistake as to defendant's right to use it.

Nor do we find that complainant is disentitled to relief in equity by reason of any false representations in its own labels as to the place of origin of the extract it sells. Some of the statements they contain, survivals from the older labels, are not now strictly accurate, notably the words "Moritz Fisher, Sole Agent for U. S. of America," but they are immaterial. The labels certainly contain no statement that the extract is made in Germany, while the record shows that complainant has been to no inconsiderable expense to advertise its new industry of manufacturing the Johann Hoff's Malt Extract in this country. The criticism that its label states that there is such a factory and brewery in New York, when complainant's is at Newark, is too trivial to merit discussion.

The decree of the circuit court is affirmed, with costs of this appeal.