# IN RE HOFF.

TRADEMARKS; EXCLUSIVE USE; SIMILARITY OF MARKS.

1. To authorize the registration of a nontechnical trademark, the applicant must have had sole use of the mark to the exclusion of all others for ten years next preceding the passage of the trademark act of Congress of February 20, 1905 (following *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428; *Brown-Forman Co.* v. *Beech Hill Distilling Co.* 30 App. D. C. 485; *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223), and the burden is upon the applicant to prove such use by clear and convincing evidence.

2. Where it appears that the applicant for registration of the words "Hoff" as a trademark for malt extract, on the ground that he had exclusive use of the mark for ten years preceding the passage of the trademark act of 1905, within such ten-year period procured a decree against a rival concern, reciting the sale by it of malt extract under that name, and enjoined it from using the name; and the applicant offers no proof of his exclusive use, but stands upon the statement of such use made in the affidavit filed in support of his application, the Commissioner of Patents properly refuses registration of the mark.

3. The word "Hoff" and the words "Leopold Hoff's," when applied to malt extracts manufactured by different concerns, are so nearly similar as to create confusion in trade, and neither is registerable as a trademark. (Following *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* supra.)

No. 566.   Patent Appeals.   Submitted March 12, 1909.   Decided April 6, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for registration of a trademark.                                             *Affirmed.*

The facts are stated in the opinion.

*Mr. Edward T. Fenwick* for the appellant.

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents, refusing the registration of the name "Hoff's" as a trademark for malt extracts. The applicant corporation bases its right to the registration of this mark on the allegation of exclusive use of the mark for a period of more than ten years prior to the passage of the present trademark act.

It appears that the appellant was the plaintiff in a suit in the United States circuit court for the southern district of New York, brought against Tarrant & Company, to restrain that company from using the word "Hoff's" as a mark for malt extracts. Tarrant & Company were agents for the goods of one Leopold Hoff, of Hamburg, Germany, and were placing said goods upon the market bearing the mark of "Hoff's Malt Extract." The court restrained Tarrant & Company from using the mark "Hoff's Malt Extract," and required them to prefix the words by the word "Leopold," making the mark "Leopold Hoff's Malt Extract." In the opinion the court said: "The public ought to know that the defendant's extract is made by Leopold and not by Johann Hoff. The defendant concedes this by the use of the perpendicular label. How can the defendant object to imparting this information in a manner so plain that no mistake can be made; and, when this is done, what further ground of complaint will the complainant have? It is thought that the defendant should be required to print the name 'Leopold' before the words 'Hoff's Malt Extract' on its large label, so that the

line will read, in type of the same size, 'Leopold Hoff's Malt Extract.' " *Johann Hoff* v. *Tarrant & Co.* 71 Fed. 163. The decree in this case was entered January 4, 1896, and was affirmed by the court of appeals of the second circuit October 21, 1896. *·Tarrant & Co.* v. *Johann Hoff,* 22 C. C. A. 644, 45 U. S. App. 143, 76 Fed. 959.

It is conceded that the word "Hoff's" would not be registerable as a technical trademark, but it is insisted by the appellant that there is nothing in this record to show that the word "Hoff's" without any prefix, was used by any other than appellant during the period of ten years prior to the passage of the trademark act of February 20, 1905. It is insisted that while the decree entered in the circuit court in 1896, and affirmed by the circuit court of appeals in October of the same year, restrained Tarrant & Company from using the word "Hoff's," there is no evidence in the record to show conclusively that Tarrant & Company used this mark within the period of ten years prior to February 20, 1905. It will be observed that the decree affirmed by the circuit court of appeals was entered almost a year after the period within which the applicant is required to show exclusive use of the word sought to be registered. The decree entered against Tarrant & Company restraining it from using the words "Hoff's Malt Extract" stated that it, the defendant company, had "continuously sold in the United States a malt·extract manufactured by Leopold Hoff in the city of Hamburg, in the Empire of Germany, in bottles with labels affixed thereto having printed on the front thereof, the words 'Hoff's Malt Extract.' "

Conceding, as appellant does, that it has no right to the registration of its mark as a technical trademark, or because it was successful in its suit against Tarrant & Company, it is confined to the sole question of whether or not it has had exclusive use of the mark for more than ten years immediately prior to February 20, 1905. It is insisted that the affidavit filed in support of the application, to the effect that appellant has had such exclusive use, casts the burden of proving the contrary upon the Commissioner of Patents. We are not im-

pressed with this contention. The applicant for registration of a trademark is required to satisfy the Commissioner by clear and convincing proof that he is entitled to the claim made. When the applicant is confronted, as in this case, with a decree of court which, at least, raises a strong presumption against his right to registration, the presumption is not overcome, or the burden of proof shifted, by the formal statement contained in the affidavit in support of his declaration.

The circumstances of the suit of appellant against Tarrant & Company, and the language of the decree, are sufficient to create a presumption against the right of appellant to have its mark registered, until removed by competent evidence, as to justify the Commissioner in refusing registration. Appellant, being a party to the former suit, was in position to have easily furnished such proof if it was available, and, in the absence of any attempt on its part to do so, the reasonable presumption is that it does not exist. This court has held that, to authorize the registration of a nontechnical trademark, the applicant must have had sole use of the mark, to the exclusion of all others, for ten years next preceding the passage of the trademark act of February 20, 1905. *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428; *Brown-Forman Co.* v. *Beech Hill Distilling Co.* 30 App. D. C. 485; *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223.

From the foregoing, we have no difficulty in finding a concurrent use of the word "Hoff's" as a mark by appellant and Tarrant & Company within the ten years' period. The suit, however, against Tarrant & Company, did not involve the use of the word as a trademark, but was to prevent unfair competition. This leaves the question open for our consideration, whether the word "Hoff's" and the words "Leopold Hoff's," when applied to malt extracts, are so nearly similar as to create confusion in trade. A trademark is determined by its dominant feature. In these marks, the word "Hoff's" is the dominant feature; and we think the goods marked "Hoff's Malt Extract" might easily be mistaken by the purchasing public for the goods of Leopold Hoff, and, on the other hand, the goods of Leopold

Hoff might be mistaken for the goods of appellant.  Applying the rule announced by this court in *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* supra, neither the mark "Hoff's" nor the mark "Leopold Hoff's" are entitled to registration.  In that case we said: "There can be no doubt but what the use of the trademark 'Old Lexington Club' would tend to mislead and confuse the public with the words 'Lexington Club,' which are shown to have been widely used by appellant for a long period of time.  Confusion is not only forbidden between registered trademarks, but between a registered mark and a mark known to be in use.  Both of the marks in question have long been in general use, and the registration of either one would tend to confuse the public mind with the other.  *Re S. C. Herbst Importing Co.* 30 App. D. C. 297.  Where two marks are so nearly identical as to tend to confuse and mislead the public, neither is entitled to registration, even under the ten-year clause of the act of 1905."

Viewing this case from any standpoint, there is such a total failure on the part of appellant to establish exclusive use of the mark here sought to be registered during the ten years' period as to justify the refusal of its application.

The decision of the Commissioner is affirmed, and the clerk is directed to certify these proceedings as by law required.

*Affirmed.*