## WM. WRIGLEY, JR., CO. v. L. P. LARSON, JR., CO. et al.

(Circuit Court, N. D. Illinois, E. D.   November 20, 1911.)

### No. 30,563.

**1. INJUNCTION (§ 144*)—PRELIMINARY INJUNCTION—PLEADING.**

A prayer in a bill for a perpetual injunction may be construed broadly enough, if the equities of the case require it, to support the granting of a temporary injunction; or a motion therefor may be treated as an amendment to the prayer of the bill sufficient to warrant the allowance of such injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

**2. TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNFAIR COMPETITION—IMITATION OF PACKAGES.**

Defendants, who make a chewing gum sold under the name "Peptomint," *held* to have so closely imitated the boxes and packages of complainant containing "Spearmint" gum, especially in the style and arrangement of the symbols and lettering and in the colors used, which include red, green, and white, as to indicate a studied intention to deceive retail purchasers and to entitle complainant to a preliminary injunction, although there were such differences that dealers would not be misled.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by William Wrigley, Jr., Company against L. P. Larson, Jr., Company and L. P. Larson, Jr. On motion for preliminary injunction. Motion granted.

Offield, Towle, Graves & Offield, of Chicago, Ill., for plaintiff.
George I. Haight, of Chicago, Ill., for defendants.

CARPENTER, District Judge (orally). Defendant objects to the issuing of the writ:

First. Because the bill is sworn to upon information and belief. Inasmuch as the equities of this case may be determined upon the physical exhibits produced and made a part of the bill, it will be unnecessary for this court to determine whether the verification of the bill is sufficient to support a temporary restraining order.

[1] Second. It is urged that there is no prayer in the bill for a temporary writ of injunction. Cases may be found in the books to the effect that such an order may not issue unless specifically prayed for. The bill does pray for a perpetual injunction, and if the circumstances warrant, and the proper protection of the complainant requires it, I am prepared to hold that the prayer for a perpetual injunction is broad enough to support the issuing of a temporary injunction. The court is much more concerned with the merits of this litigation than with the technical forms of equity pleading. Moreover, a special motion has been made for a preliminary injunction, and if need be it will be considered as an amendment to the prayer of the original bill, sufficient to allow the issuing of such a temporary writ.

[2] Third. The parties are manufacturers of chewing gum. The complainant has made use of certain color schemes and markings, both for boxes and the individual packages of gum. Its particular brand is known as "Spearmint." The defendants manufacture a brand advertised as "Peptomint." A casual examination of the size, shape, and markings of the boxes and packages discloses immediately very marked differences. No dealer would be misled for a moment into thinking that the defendants manufactured and offered for sale the goods of the complainant. The fact remains, however, that the body of defendants' box is colored yellow, as is that of the complainant. The lettering on the defendants' box is in red, green, and white, as is that of complainant. The significant mark on complainant's product is a green bar spear with the word "Spearmint" upon it. The significant mark on the defendants' box is a green bar, without the spearhead, placed at an angle, over a red circle, with the word "Peptomint" upon it. The word "Spearmint" and the word "Peptomint" each contains nine letters. Each word is printed in white block letters upon the green bar. The defendants have their name in script, "L. P. Larson, Jr., Co.," in the same general type as the complainant employs in the name "Wm. Wrigley, Jr., Co." The general color scheme made use of by the defendants, both on the box and on the individual packages, is almost identical with that made use of by the complainant. The similarity between the two sets of devices seems to the court to have been inspired by other than esthetic emotions. Of all the colors and shades that the defendants might have made use of, it is strange that those employed by the complainant should be the only ones that would satisfy the trade; that, of all the possible methods of arrangement of the words and letters, it is equally strange that the defendants should have found that only the arrangement employed by the complainant would be effective. It would be rather

a forward development of modern tendencies toward efficiency to so hold.

Business men, clearly, would not be deceived by an examination of the exhibits in this case. Dealers know from whom they are buying and what they are buying, and are seldom, if ever, misled, except by nearly exact counterfeits. The defendants do not represent their goods as that of the complainant. They do, however, sell their goods at a lower price, and by simulating the complainant's cartons, boxes, and packages, they have, without making any false representations, put it in the power of the less scrupulous traders to impose upon the public, and to dispose of the cheaper article as the article of the complainant. The court does not require, in cases of this kind, proof of fraudulent dealing. If the devices and methods of the defendants are so similar to those of the complainant as to be calculated to deceive the casual purchaser into buying the goods of the defendants as the goods of the complainant, a court of equity ought to enjoin the defendants from a further prosecution of their methods of doing business.

No reasonable explanation is offered by the defendants of why they have adopted substantially the devices of the complainant. It is not shown that the gum business could not be successfully carried on by different shaped boxes and packages, or by different color schemes and lettering. This court is of the opinion that the similarity between the defendants' boxes and packages and those of the complainant is not accidental. The action of the defendants appears to have been deliberate, and, no explanation having been offered, the court cannot escape the conclusion that it was done for the sole purpose of gaining some unfair advantage by trading upon the established reputation of the complainant.

On the authority of Charles E. Hires Co. v. Consumers' Co., 100 Fed. 809, 41 C. C. A. 71, Lever v. Goodwin, L. R. 36 Chancery Division, 3, Reddaway v. Banham (1896) Appeal Cases, 199, and Tarrant v. Hoff, 76 Fed. 959, 22 C. C. A. 644, the motion for a preliminary injunction will prevail, and the complainant may prepare an order by which the defendants, their clerks, servants, and agents, are restrained, during the pendency of this suit, or until further order of this court, from manufacturing, selling, advertising, offering or announcing for sale, or supplying, chewing gum in packages, or boxes, under labels substantially identical with or like the boxes, packages, and labels of the complainant, employed for that purpose, or in boxes or packages, or under labels which are calculated to deceive purchasers or consumers into the belief that the chewing gum manufactured by the defendants is the product of the complainant, or which will enable others to substitute or sell the product of the defendants as and for the product of the complainant.